HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

Amica Insurance Company,

    Plaintiff,

  v.

Kevin Scherdnik et al.,

    Defendants.

Case No.  3:20-cv-05561-RAJ

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT**

## I.   INTRODUCTION

This matter comes before the Court on Plaintiff's Motion for Summary Judgment. Dkt. # 18.  The motion is unopposed.  Having considered the motion, declarations and exhibits attached thereto, the relevant portions of the record, and the applicable law, the Court finds that oral argument is unnecessary.  For the reasons below, the motion is **DENIED without prejudice**.

## II.   BACKGROUND

On May 1, 2018, Plaintiff Amica Insurance Company ("Plaintiff") entered an automobile insurance contract with Defendants Kevin Scherdnik and Anna Scherdnik. Dkt. # 19-1.  The Amica policy insured a pickup truck, a 2007 Nissan Titan Crew Cab 4-Door Pickup – 4WD ("2007 Nissan" or "Nissan").  *Id.* at 10.  At the time, the Scherdniks were married but legally separated.  Dkt. # 19-2 at 6.  Before they were separated, they

ORDER – 1

1   both possessed the 2007 Nissan, but after they separated, the 2007 Nissan was left with
2   Ms. Scherdnik. *Id.*
3   After separation, Mr. Scherdnik used his mother's car, a 2006 Toyota Corolla
4   ("2006 Corolla" or "Corolla"). *Id.* at 6-7. While driving the Corolla, on August 16,
5   2018, Mr. Scherdnik got into an accident. Dkt. # 19-4 at 3-5. He struck Defendant Cody
6   Stephenson, a pedestrian, while Mr. Scherdnik was driving down a street. *Id.*
7   **A.     Amica Policy**
8   The Amica policy contains the following coverage provision:

> PART A - LIABILITY COVERAGE
>
> INSURING AGREEMENT
>
> A. We will pay damages for bodily injury or property damage for which any insured becomes legally responsible because of an auto accident.

Dkt. # 19-1 at 17.

The policy also contains the following exclusion:

> EXCLUSIONS
>
> . . .
>
> B. We do not provide Liability Coverage for the ownership, maintenance or use of:
>
> . . .
>
> 2. Any vehicle, other than your covered auto, which is:
>
>> a. Owned by you; or
>>
>> b. *Furnished or available for your regular use*.

*Id.* at 18-19 (emphasis added).

Further, the policy defines "your covered auto" as:

> 1. Any vehicle shown in the Declarations.
>
> 2. A newly acquired auto.

ORDER – 2

          3. Any trailer you own.

          4. Any auto or trailer you do not own while used as a temporary substitute for any other vehicle described in this definition which is out of normal use because of its:

               a. Breakdown;

               b. Repair;

               c. Servicing;

               d. Loss; or

               e. Destruction.

*Id.* at 16.

The 2007 Nissan is a "covered auto" under the Amica policy. Dkt. # 19-1 at 10. It is listed in the policy's Declarations. *Id.* The 2006 Corolla, on the other hand, is not listed in the Declarations. *See id.*

### B. Procedural History

On June 12, 2020, Plaintiff sued Mr. Scherdnik, Ms. Scherdnik, and Mr. Stephenson. Dkt. # 1. Plaintiff seeks declaratory relief, asking the Court to resolve several "coverage issues," such as whether the 2006 Corolla was available for Mr. Scherdnik's "regular use" and thus not insured under the policy. *Id.* ¶¶ 4.2, 4.6, 4.12.

No Defendant has appeared in this matter, and Mr. Scherdnik and Mr. Stephenson are in default. Dkt. ## 13, 16. On August 24, 2020, Plaintiff moved for summary judgment. Dkt. # 18. The motion is unopposed and ripe for review.

### III. LEGAL STANDARD

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at trial, it must affirmatively

ORDER – 3

demonstrate that no reasonable trier of fact could find other than for the moving party. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325. If the moving party meets the initial burden, the opposing party must set forth specific facts showing that there is a genuine issue of fact for trial to defeat the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150-51 (2000).

## IV.  DISCUSSION

### A.  Failure to File Response

Plaintiff's motion for summary judgment is unopposed. Indeed, no Defendants have appeared in this matter. Two Defendants, Mr. Scherdnik and Mr. Stephenson, are in default. Dkt. ## 13, 16. Ms. Scherdnik has also not appeared. But Plaintiff filed a letter from Ms. Scherdnik, in which she states that she has "no objections" to the declaratory relief that Plaintiff seeks. Dkt. # 5. Curiously, Plaintiff styles this letter as an "Answer to the Complaint by Defendant Anna Scherdnik" that was "filed on her behalf by [Plaintiff]." *Id.*

The instant motion may be unopposed, but the summary judgment standard is unchanged. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258 (9th Cir. 2010) ("Ninth Circuit precedent bars district courts from granting summary judgment simply because a party fails to file an opposition or violates a local rule, and [district courts have an] obligation to analyze the record to determine whether any disputed material fact [is] present."); *Martinez v. Stanford*, 323 F.3d 1178, 1183 (9th Cir. 2003) ("Thus, regardless of whether [plaintiff] timely responded (or responded at all) to the [defendants'] motion for summary judgment, we cannot affirm the district court's order unless [defendants]

ORDER – 4

affirmatively showed that 'there is no genuine issue as to any material fact and that [they] were] entitled to a judgment as a matter of law' . . . ." (quoting Fed. R. Civ. P. 56)).

Defendants have not appeared in this matter let alone respond to the instant motion. Still, to be entitled to summary judgment, Plaintiff must affirmatively show that no genuine issues of material fact exist and that no reasonable trier of fact could find other than for Plaintiff.

### B. Declaratory Judgment

In Washington, insurance policy interpretation is a legal question. *Overton v. Consol. Ins. Co.*, 38 P.3d 322, 325 (Wash. 2002) ("Interpretation of insurance policies is a question of law, in which the policy is construed as a whole and each clause is given force and effect."). The court must give the terms of the policy a "fair, reasonable, and sensible construction as would be given to the contract by the average person purchasing insurance." *Id.* (internal quotation omitted). Terms defined within a policy are to be construed as defined, while undefined terms are given their "ordinary and common meaning, not their technical, legal meaning." *Allstate Ins. Co. v. Peasley*, 932 P.2d 1244, 1246 (Wash. 1997). Dictionaries may assist in determining the ordinary meaning of a term. *Boeing Co. v. Aetna Cas. & Sur. Co.*, 784 P.2d 507, 511 (Wash. 1990). "Any ambiguity in the policy is interpreted in favor of the insured." *Robbins v. Mason Cty. Title Ins. Co.*, 462 P.3d 430, 434-35 (Wash. 2020).

"Regular use" provisions "provide coverage for isolated use of a vehicle without requiring the insured to pay an additional insurance premium to insure that vehicle." *Hall v. State Farm Mut. Auto. Ins. Co.*, 135 P.3d 941, 944-45 (Wash. Ct. App. 2006). Such provisions do not, however, allow an insured to "interchangeabl[y] use" "other cars that the insured's policy does not cover." *Id.* Washington courts have "routinely held" that "regular use" provisions are clear and unambiguous. *Id.* (upholding regular use clauses excluding coverage for injuries caused by a vehicle "which is furnished for [insured's] regular use" or a vehicle "owned, leased or available for the regular use of

ORDER – 5

[insured] or any [insured's] relative"); *Nelson v. Mut. of Enumclaw*, 115 P.3d 332, 334 (2005) (upholding regular use clause excluding coverage for damage caused by a vehicle "furnished or available for regular use by [insured] or any [insured's] family member which is not insured for this coverage under this policy"). The purpose of regular use provisions is twofold. *Nelson*, 115 P.3d at 334. Such provisions "(1) prevent an insured from receiving the benefits of coverage by purchasing only one policy; and (2) provide coverage to an insured when the insured is engaged in the casual or infrequent use of a nonowned vehicle." *Id.* In analyzing regular use provisions, "the critical factor is not the purpose of the use, but the frequency of the use." *Id.*

The Amica policy contains a valid regular use provision. It states that the policy "do[es] not provide Liability Coverage for the ownership, maintenance or use of . . . [a]ny vehicle, other than [insured's] covered auto, which is . . . [f]urnished or available for [insured's] regular use." Dkt. # 19-1 at 19. This provision is clear and unambiguous.

Far less clear is whether that provision applies to Mr. Scherdnik's use of the 2006 Corolla. How often Mr. Scherdnik used the 2006 Corolla before the accident is in dispute. Plaintiff offers a transcript of Mr. Scherdnik's "Examination Under Oath," taken months before this action began. Dkt. # 19-2. In that examination, Mr. Scherdnik testified that he started borrowing his mother's 2006 Corolla "right around August" of 2018. *Id.* at 6-7. Later in the examination, he said that, in fact, he started borrowing the car months earlier in June 2018. *Id.* at 9-10. As to how often he used the Corolla, Mr. Scherdnik said that he "borrowed it a few times prior to [the August accident]." *Id.* at 7. He described his use before the accident as "irregular[]" and estimated that he used the car only four or five times total. *Id.* But later he testified that, in fact, he drove the Corolla "a few times sometime right around [June]," months earlier. *Id.* at 9-10.

The evidence is in dispute. Based on his testimony, Mr. Scherdnik may have used the Corolla only four or five times in August, right before the accident. Or he may have

ORDER – 6

used it a few more times months before the accident, in June. Maybe more often; maybe less. These are genuine factual issues that cannot be resolved on summary judgment. They are also material issues. Washington law holds that the applicability of regular use provisions turns on "the frequency of the use." *Nelson*, 115 P.3d at 334 (finding regular use when plaintiff used uninsured vehicle 16 times in the four months prior to the accident); *Hall*, 135 P.3d 941, 943, 944-45 (Wash. 2006) (finding regular use when plaintiff used uninsured vehicle "[f]ive days a week, twice a day" for about two months prior to the accident). Factual issues prevent the Court from assessing how frequently Mr. Scherdnik used the 2006 Corolla before the accident. Thus, they prevent the Court from declaring coverage obligations or exclusions under the Amica policy. Because Plaintiff has not affirmatively shown that no genuine issues of material fact exist and that no reasonable trier of fact could find other than for Plaintiff, it has failed to meet its burden on summary judgment.

## V.  CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's Motion for Summary Judgment **without prejudice to refiling**. Dkt. # 18.

DATED this 3rd day of March, 2021.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 7